```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

**ARTHUR RAY BOURNE**                                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 5:14-cv-74-DCB-MTP**

**3M COMPANY, et al.**                                             **DEFENDANTS**

### ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on Defendants' Motion to Reconsider **[docket entry no. 17]** pursuant to Federal Rule of Civil Procedure 59(e). The Court has already entered an Order Holding this Motion in Abeyance **[docket entry no. 18]**. The Plaintiff filed his Response to the motion after the Court entered its Order. The Defendants have now responded as the Court ordered. Therefore, having considered the motion and responses, the applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

The defendants urge in their motion that this Court made a manifest error of fact in its ruling on the motion to remand. The Court granted the motion to remand because it found the notice of removal procedurally deficient; defendants had not satisfactorily shown the notice of removal complied with the rule of unanimity. The defendants now show through their motion to reconsider that they did indeed meet this requirement.

1

However, the plaintiff asserts that this Court lacks jurisdiction to review an order remanding a case: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ." 28 U.S.C. § 1447(d). Congress has indeed strictly limited the ability of the courts to review orders of remand, following the clear preference for limited federal jurisdiction. The general rule is that a district "is completely divested of jurisdiction once it mails a certified copy of the remand order to the clerk of the state court." In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991). However, if a "remand order [is] based on a defect in removal procedure . . . an exception to non-reviewability exists." Id.; see also Rockingham v. Men's Health Ctr., 204 F. Supp. 2d 967, 968 (S.D. Miss. 2002). Because the Court remanded this case for a defect in the removal procedure, the Court finds that it has jurisdiction to rule on the plaintiff's motion to reconsider.

"Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). A court has considerable discretion in ruling on a Rule 59(e) motion, limited by the need to balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6

F.3d 350, 355 (5th Cir. 1993). The defendants argue that the Court made a "manifest error of fact" when it found that the defendants had not complied with the rule of unanimity.

There are three grounds for altering or amending a judgment under Rule 59(e):

> (1) an intervening change in controlling law,
> (2) the availability of new evidence not previously available, and
> (3) the need to correct a clear error of law or prevent manifest injustice.

Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). The defendants have not pointed to an intervening change in the law. The fact that all other necessary defendants in this case had been previously dismissed is a fact previously available to the defendants. Thus the only remaining option on which the defendants can prevail is to correct a clear error of law or prevent manifest injustice.

The Court finds that the parties need for finality outweighs any consideration of facts not already before this Court. Further, the Court maintains its power to raise a procedural defect in the notice of removal sua sponte in this case because the plaintiff moved for remand within the thirty (30) day time period. Schexnayder v. Entergy La., Inc., 394 F.3d 280, 284 (5th Cir. 2004) (holding district court can raise sua sponte issues not asserted in plaintiff's timely motion for remand). It also maintains that on the facts presented to it in the notice, the defendants failed to

demonstrate their compliance with the rule of unanimity, justifying the order of remand. Therefore, the Court finds no clear error of law in this case. Also, because the parties will have the opportunity to fully litigate this case in state court and no one questions the ability of that court to provide a full and fair proceeding, there is no manifest injustice committed by remand. Based on the preceding reasoning, the Court will deny the defendants' motion to reconsider.

The defendants alternatively filed their motion requesting leave to amend their notice of removal to allege that they were the only two remaining defendants in the case, satisfying the rule of unanimity. "Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings." Spillers v. Tillman, 959 F. Supp. 364, 372 (S.D. Miss. 1997). "Once the thirty day period has expired, any amendments to the notice of removal must be made pursuant to 28 U.S.C. § 1653." Marshall v. Skydive Am. S., 903 F. Supp. 1067, 1070 (E.D. Tex. 1995). Section 1653 only permits amendment of "defective allegations of jurisdiction." 28 U.S.C. 1653. The failure of a defendant to consent to removal is a nonjurisdictional defect. Intercoastal Refining Co., Inc. v Jalil, 487 F. Supp. 606, 608 (S.D. Tex. 1980). Therefore the Court denies the defendants' motion to amend their notice of removal.

The plaintiff quotes a case, cited by the defendants, as well, that states a defendant cannot amend the notice of removal "to add a missing jurisdictional allegation" after thirty (30) days. Pl.'s Resp. p. 1, ECF No. 19 (quoting Bynum v. First Chem. Corp., No. 3:05cv22, 2007 WL 869573 (S.D. Miss. Mar. 20, 2007)). Reading this case with the other precedent cited by this Court, it could be understood that a defendant cannot amend his notice of removal after thirty days. However, upon a close reading of Bynum, the Court finds the quoted language to be an inelegant summary of the holding in Whitmire v. Victus Ltd., 212 F.3d 885 (5th Cir. 2000). In Whitmire, the court held: "[w]hile a district court can remedy inadequate jurisdictional allegations, it cannot remedy defective jurisdictional facts." Whitmire, 212 F.3d at 888. The facts of Bynum support this reading: the defendant sought to amend the notice of removal to seek jurisdiction under a different statute, but the court found that statute did not create jurisdiction. Bynum, 2007 WL 869573, at *1. Therefore, the Court finds the rule stated in Bynum and Whitmire to be inapposite to this case.

Based on the foregoing reasons,

IT IS HEREBY ORDERED that the defendants' Motion for Reconsideration or, in the alternative, For Leave to Amend Notice of Removal is DENIED.

SO ORDERED, this the 29th day of September 2014.

                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE